**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

GERMAINE B. WALCOTT,

      Petitioner,

    v.

HOMELAND SECURITY (BICE),

      Respondent.

Civil Action No. 05-0410 (MLC)

**MEMORANDUM OPINION**

**APPEARANCES:**

    GERMAINE B. WALCOTT, #105480, Petitioner Pro Se
    Hudson County Correctional Center
    35 Hackensack Avenue
    Kearney, New Jersey 07032

    DOROTHY J. DONNELLY, Assistant United States Attorney
    CHRISTOPHER J. CHRISTIE, United States Attorney
    402 East State Street, Trenton, New Jersey 08608

**COOPER, DISTRICT JUDGE**

    Petitioner, Germaine B. Walcott, an alien confined at the Hudson County Correctional Center by the Bureau of Immigration and Customs Enforcement ("BICE"), has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his allegedly indefinite detention by the BICE pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).  Before the Court is Respondent's Answer and Petitioner's Traverse.  For the reasons set forth below, the Court will deny the application for relief and dismiss the Petition.

**I.  BACKGROUND**

    Petitioner, a citizen of Guyana, entered the United States in 1985 as a lawful permanent resident.  (Ans. to Pet., Ex. 2,

Aff. of Ilona Stanley.)  After his conviction in New York for criminal possession of a controlled substance and ensuing immigration proceedings, he was ordered removed from the United States.  (Id.)  Petitioner states that he has been in the custody of the Department of Homeland Security since June 6, 2004.  (Id., Am. Pet., at 2.)  He thereafter initiated proceedings for a Writ of Habeas Corpus in the Southern District of New York.  Pursuant to a Consent Order dated July 22, 2004, his removal from the United States was stayed pending resolution of the habeas petition.  (Ans., Ex. 1, Stip. & Order.)  That Petition, in contrast to the one before this Court, challenges the Order of Removal and remains pending.  The Petition before this Court challenges Petitioner's continued detention pursuant to Zadvydas.

## II.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  This Court has jurisdiction under § 2241 to entertain an alien's habeas corpus challenge to removal and post-removal detention.  See Zadvydas, 533 U.S. at 688; Gerbier v. Holmes,  280 F.3d 297, 302 (3d Cir. 2002).  However, review of administrative immigration decisions is limited to purely legal determinations.  Jimenez v. INS, 226 F.Supp.2d 680, 683 (E.D.Pa. 2002); see also Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2001) (scope of § 2241 habeas review limited to

2

"statutory or constitutional errors"); Bowrin v. INS, 194 F.3d 483, 490 (4th Cir. 1999) (holding only "questions of pure law will be considered on § 2241 habeas review [and] review of factual or discretionary issues is prohibited").

The INS generally may detain aliens following a final order of deportation for a 90-day period.  8 U.S.C. § 1231(a)(1).  The Government is also permitted to detain certain aliens after this period.  8 U.S.C. § 1231(a)(6).  The statutory language does not provide for a maximum period of post-final-order detention.  See Kacanic v. Elwood, No. 02-8019, 2002 WL 31520362, at *2 (E.D.Pa. Nov. 8, 2002).  Petitioner argues for his release pursuant to Zadvydas, contending that (1) he has been incarcerated since June 2004, (2) he has not yet been deported, and (3) his deportation has been stayed pending a final determination of his habeas Petition in the Second Circuit.  Thus, he argues that his continued detention pending resolution of his Second Circuit Petition violates Zadvydas, as there is no reasonable prospect of his deportation in the immediate future because of the stay.[1]

A reasonableness limitation on post-final-order detention must be read into the statute, and thus detention exceeding the

---

[1] In January 2005, BICE — after a post-order custody review — advised Petitioner of its decision to continue custody, as (1) a travel document had been obtained, and (2) his deportation was imminent but for the stay of removal previously granted.  (Ans., Ex. 3.)  The BICE also stated that "If necessary, another review of your custody status will be conducted by ICE within a year of the date of this notice."  (Id.)

period of time "reasonably necessary to secure removal" is not authorized.  Zadvydas, 533 U.S. at 689.[2]  Authorization of detention after a final order of deportation has issued must be limited to a reasonable period of time, justified by the INS's legitimate concerns, such as the danger posed to the community by the alien and the alien's risk of flight.  Id.  Any post-final order detention up to six months is presumptively reasonable and authorized by the statute.  Id. at 701.  To successfully challenge a detention, the alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.  The burden then shifts to the Government to "respond with evidence to rebut that showing."  Id.

    The Order of Removal was stayed on July 22, 2004.  (Ans., Ex. 1.)  Because of the application of the stay, the running of the six month removal period stated in Zadvydas to be presumptively reasonable was tolled, and the amount of time during which the stay is in effect is not counted in determining the removal period.  See Morena v. Gonzales, No. 05 0895, 2005 WL 3307100, at *5 (M.D. Pa. Oct. 4, 2005) (citing cases).[3]

---

   [2] To allow a statute to authorize the Attorney General to hold a person indefinitely without trial "would raise a serious constitutional problem."  533 U.S. at 690.

   [3] See 8 U.S.C. § 1231(a)(1)(B) (stating removal period begins on latest of: (i) date the order of removal becomes administratively final, or (ii) if removal order is judicially reviewed and if court orders stay of removal of alien, date of court's final order).

4

Zadvydas does not set out a per se rule that an alien's release is mandated after six months.  See Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002) (to state Zadvydas claim, alien must show (1) post-removal order detention in excess of six months, and (2) "evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"); Nma v. Ridge, 286 F.Supp.2d 469, 474 (E.D.Pa. 2003) (under Zadvydas, an alien may be detained until he has met his burden of providing a good reason that there is no significant likelihood of removal in the reasonably foreseeable future); Khan v. INS, 194 F.Supp.2d. 1134, 1137 (S.D.Cal. 2001) (as petitioner had presented no evidence of institutional barriers to removal of aliens to Pakistan, or individual barriers to his particular removal, slow progress in removal process does not meet the burden under Zadvydas).[4]

The removal period has not expired because of the stay issued in the Second Circuit.  Moreover, as Petitioner has completely failed to support any assertion that his future removal is not reasonably foreseeable (but for the existence of the stay), the Court must deny habeas relief.

---

[4] The case cited by Petitioner merely extends the rule of Zadvydas; it in no way changes Petitioner's burden of proof that his removal is not reasonably foreseeable in the near future. See Clark v. Martinez, 125 S.Ct. 716 (2005).

5

### III.  CONCLUSION

The application for habeas corpus relief will be denied and the Petition dismissed.  The Court also declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).  The Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper  
                                                **MARY L. COOPER**  
                                                United States District Judge